OPINION OF THE COURT
Jerome B. Fleischman, J.
Plaintiff is the owner of a condominium unit at 185 West Park Avenue, Long Beach, New York. He brought this action to recover the sum of $135 for damages sustained by his *1021 automobile when it allegedly struck a protruding part of a "Card Reader” which monitored the entrance to the parking lot of the condominium development claiming that said condition was caused about two months prior when another vehicle hit the "Card Reader” and that the Condominium Board was negligent in not repairing the same in all that time. However, plaintiff could not explain why he did not see the condition and stop or turn his vehicle to one side in order to avoid the accident.
Defendant counterclaimed for the cost of repairing the "Card Reader” claiming that the damage to it was caused by the plaintiff, and for attorney’s fees under the declaration of condominium. In support of this claim, defendant produced a security guard who testified that he saw plaintiff on a television monitor drive into the "Card Reader”. This was denied by plaintiff, whose testimony was supported by an independent witness.
I find, under CPLR 1401, that plaintiff was 100% at fault for the damage caused to his automobile. He apparently knew of the preexisting dangerous condition and should have been careful to avoid the accident.
I also find that the damage to the "Card Reader” was caused by someone other than plaintiff, prior to the date in question. The damage to plaintiff’s vehicle was a scratch on top of his left front fender. From the pictures introduced at trial of the "Card Reader” in proximity to plaintiff’s vehicle, plaintiff could not have sustained this damage by driving into the "Card Reader”. If plaintiff had struck the "Card Reader”, the damage to his vehicle would have been in a different place.
The attorney’s fees sought by defendant under the declaration of condominium are for the enforcement and collection of a lien for common charges. In fact, defendant had unilaterally assessed plaintiff for the repair of the damage to the "Card Reader”, apparently without affording him an opportunity to be heard, and made this part of his common charges. This, it has no power to do. While the board can assess common charges, based upon each unit’s proportionate share of the common expenses in accordance with its common interest under Real Property Law § 339-e (2) and § 339-m, in the case at bar the board assessed plaintiff’s unit for the damage, not *1022 proportionally in accordance with its common interest, but 100% on the basis of an arbitrary determination as to liability. This can only be done in a plenary court action. Therefore, the defendant cannot recover attorney’s fees for the attempted enforcement of its improper assessment.
Both the complaint and counterclaims are dismissed.